*Pryor, for appellants.*

---

## B. LEIBER *v.* GEO. J. BECK.

**Principal and Agent—Authority of Agent to Bind Principal—Special Agent.**
    An agent can bind his principal on a note by filling in blanks, after the note had been sent him, though the name filled in was not the person to whom the principal intended the note made payable.

**Same—Special Agent—Plea of Non Est Factum.**
    A plea of non est factum to a note, the blanks of which had been filled in by the agent of the payors, can only be sustained when the person so acting, was a special agent so far as the particular note was concerned, and that his authority was limited to fill in a particular name.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 20, 1870.

OPINION OF THE COURT BY JUDGE LINDSAY:

The plea of *non est factum* can only be sustained upon the hypothesia that Griff was a special agent so far as the particular note in question is concerned, and that he had no authority from and Lieber to fill up the blanks in favor of any one else than Nelson. We have not the original paper before us, but the pleadings and evidence in the case warrant us in concluding that the name of the payee as well as the date and amount were left blank when the note was sent to Griff, and this circumstance certainly indicates that the possibility of its being filled up in favor of some other party than Nelson, was contemplated by the payors. This presumption is strengthened by the evidence of Griff who says that he had authority to use it in paying Nelson, 'or in raising funds for the necessary expenses, in removing the mill."

But Griff expressly contradicts the idea that he was a special agent, and states that he had the same power with any other agent. That he felt he had the right to fill up the note and deliver it to Beck because he was acting as the agent and attorney of the parties. He seemed to understand that he had the right to do all necessary acts connected with the business of removing the mill to Kentucky including the settlement of the claims against it. It is true that he does not state as explicitly as he might the scope and extent of his authority but it should be borne in mind that he was not only the witness of the appellant, but his trusted agent and kinsman.

We are of opinion from all the evidence in the case that he had authority to fill up and deliver the note to Beck. We also conclude that said note was executed upon a sufficient legal consideration.

It seems to us that Mrs. Lieber by the use of reasonable diligence could have discovered before the trial what could be proven by Mrs. Griff. She charges in her answer that the note was executed by Griff 'for individual debt of his wife." Yet she failed to examine Griff upon this point when she had his deposition taken, and failed altogether it seems to even inquire of

Mrs. Griff relative thereto, although it appears that they both resided in the city of Louisville during the entire time this suit was pending.

We are of opinion that the chancellor committed no error prejudicial to the substantial rights of appellant and we affirm his judgment.

*Pirtle, Dombitz & Wehle, for appellant.*
*Bodley & Simrall, for appellee.*